# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### THIRD DIVISION

Kenneth Ramirez,                                                   Civil No. 03-5284  JRT/AJB

                            Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION
                                                        ON SECOND MOTION TO DISMISS
Steven C. Harmon, Joseph Mulnix,                        OR FOR SUMMARY JUDGMENT**
David Sjogren, David Larson, Jeff Boobar,
and Six John/Jane Does,

                            Defendants.

---

Kenneth Ramirez, pro se plaintiff.

Patricia R. Cangemi, Assistant United States Attorney, for the defendants.

---

This matter comes before the Court, Magistrate Judge Arthur J. Boylan, on defendants'

second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative for

summary judgment pursuant to Fed. R. Civ. P. 56(c).  Plaintiff is a pro se prisoner whose pleadings

allege that federal agents violated his federal constitutional rights by depriving him of personal property

either as a result of improperly taking or by failing to return seized items.  A recommendation for

dismissal of all official capacity claims and for denial of defendants' motion to dismiss individual

capacity claims was submitted to the district court on March 11, 2005.  The district court issued an

Order adopting the report and recommendation on April 12, 2005, and plaintiff was also ordered to

serve and file a second amended complaint to allege the personal involvement of individual defendants

with greater particularity.  A second amended complaint was filed on July 7, 2005.  Meanwhile, a

pretrial scheduling order allowing the parties until November 1, 2005, to conduct discovery was issued

on June 8, 2005.  The present motion to dismiss was filed on September 15, 2005.

In the present motion it is asserted that defendant Jeff Boobar has never been

personally served and that claims against him should be dismissed for failure to make proper service.

The individual defendants further contend that they are entitled to dismissal based upon qualified

immunity and/or lack of personal involvement and that applicable statutes of limitation have run.[1]   The

action has been referred to the United States Magistrate Judge for report and recommendation

pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For reasons discussed below the Court concludes

that each of the defendants is entitled to qualified immunity with respect to individual capacity claims;

the defendants' motion for summary judgment should be granted; and the action should be dismissed

with prejudice.

**Background and Claims**[2]

Plaintiff Kenneth Ramirez was indicted in July 1995, in the District of Minnesota on a

charge of conspiracy to possess with intent to distribute methamphetamine and cocaine.[3]   In the

---

[1]    Contrary to plaintiff's written submission, the second amended complaint does not contain a claim under the Federal Tort Claims Act and there is no FTCA component to this action.  Likewise, no claim for relief under the Tucker Act has been alleged and the Tucker Act is not implicated in this matter. Plaintiff's Opposition to Defendant's Motion to Dismiss with Memorandum of Law, pp. 4-5 [Docket No. 75].

[2]    The background discussion is taken substantially verbatim from the Magistrate Judge's Report and Recommendation dated March 11, 2005.

[3]    District of Minnesota Criminal Case No. 3:95-79 PAM/JGL.  The District of Minnesota case was dismissed by Order dated August 2, 1995, and defendant Kenneth Ramirez' bond was transferred to the Western District of Wisconsin by Order dated August 8, 1995.

investigation preceding the indictment a search warrant was executed and items belonging to the plaintiff

were seized.  Some of the property was subsequently forfeited.[4]  In August 1998, Mr. Ramirez filed a

motion for the return of seized property pursuant to Fed. R. Crim. P. 41(e).  The government did not

oppose the motion, and the Court therefore granted the request by Order dated December 9, 1998.[5]

Specified property was not returned as directed, and the plaintiff filed a motion to hold agents in

contempt of court in November 2002.  On May 7, 2003, the District Court granted the motion for

contempt with respect to particular items[6] and ordered that the property either be returned or that the

claimant be paid the value of the property.  However, the District Court subsequently determined that

its contempt Order conflicted with the decision in United States v. Hall, 269 F.3d 940 (8th Cir.

2001)(holding that sovereign immunity precludes an award of money damages under Fed. R. Crim. P.

41 when seized property cannot be returned), and therefore vacated the contempt finding by Order

dated June 6, 2003.[7]  The District Court expressly stated that Mr. Ramirez was entitled to return of (1)

a safe deposit key; (2) a nail gun; (3) saws, including a circular saw; (4) a hand drill and power tools;

(5) a 1962 green two-door Ford Fairlane; (6) an antique battery charger; and (7) miscellaneous keys,

but that the government no longer had possession of the items.  The Court also recommended that the

claimant file a civil action to recover the monetary value of the lost property, consistent with the

---

[4]  Memorandum in Support of Federal Defendants' First Motion to Dismiss [Docket No. 31], Exh. No. 5f, Declaration of Forfeiture, re: 1976 Chevy Corvette. [Docket No. 33].

[5]  Id., Exh. No. 3, Criminal Docket for Case No. 3:95-79.

[6]  Id., Docket entry No. 57.

[7]  Id., Exh. No. 4.

observation in the <u>Hall</u> decision in which it was noted that a Rule 41 claimant might have recourse for money damages under other federal statutes, including the Tucker Act, 28 U.S.C. § 1491 and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-81.

Mr. Ramirez filed a complaint[8] on September 23, 2003, alleging violation of his right to due process with respect to seizures and failure to return property by defendants Steven Harmon, Joseph Mulnix, David Sjogren, David Larson, and six John/Jane Does.  An "Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983[9] and 28 U.S.C. § 1331" was filed on February 18, 2004, therein adding Jeffrey Boobar as a defendant and further alleging violation of plaintiff's Fourth Amendment rights with regard to unreasonable seizures.  The matter is now before the court on plaintiff's second amended complaint which names the same defendants and seeks compensatory damages for the value of a Sputh transmission ($2,100), an antique battery charger ($500), a nail gun ($300), a Jonsrude chain saw ($375), a Milwaukee circular saw ($150), a hand saw ($75), a DeWalt power drill ($225), a Milwaukee grinder ($150), and a 1962 Ford Fairlane ($7,125),[10] along with damages for deprivation of use of those items.  Defendants are sued in their individual capacities only.

Despite considerable complications with respect to service of process on both the

---

[8]  The complaint is captioned "Civil Rights Complaint Pursuant to 28 U.S.C. § 1331 (Bivens)."

[9]  This matter cannot proceed under 42 U.S.C. § 1983 because none of the defendants are identified as state actors.  Rather, the matter is properly construed as an action under <u>Bivens v. Six Unknown Agents of the FBI</u>, 403 U.S. 388, 91 S.Ct. 1999 (1977) and is treated as such.

[10]  The sum of the recited values is $11,000.  In the second amended complaint the plaintiff references these items and asserts a claim of monetary damages equal to replacement value in the amount of $10,700.  He further seeks compensation for deprivation of use of the items in the estimated amount of $10,700, along with reasonable earnings (presumably pre-judgment and post-judgment interest) on the total amount of damages.  The complaint does not account for the value discrepancy.

4

individual defendants and on the Attorney General for the United States and the United States Attorney

for the District of Minnesota, as required pursuant to Rule 4(i)(1) and Rule 4(i)(2)(B) of the Federal

Rules of Civil Procedure,[11] it now appears that effective service was made on the Attorney General and

the United States Attorney, and that service has either been actually accomplished or has been judicially

deemed effective on each of the individual defendants with the exception of Jeff Boobar.

   In the second amended complaint it is alleged that defendants violated plaintiff's Fourth

Amendment due process rights by liquidating his property without notice and lawful proceedings.

Plaintiff more specifically alleges that the initial seizure of the property by defendants Harmon, Mulnix,

Sjogren, and John Does was unlawful because the items were not proceeds of criminal offenses, and

that defendants Larson and Boobar violated plaintiff's Fifth Amendment due process rights by failing to

provide notice of intent to forfeit.  Plaintiff contends that the statute of limitations was tolled by

defendants' false representations regarding disposition of the property and their representations that

non-forfeited property would be returned.

   In the present motion defendant Jeffrey Boobar again moves for dismissal of claims

against him for lack of personal service.  Though he has participated in the action through counsel,

Boobar has never acknowledged service of process; he has steadfastly asserted that he has not been

properly served; and plaintiff does not contend that Mr. Boobar has been personally served, though he

argues that the defendant has actual notice of the action and has therefore been constructively and

effectively served.  In addition, all defendants again assert the defense of qualified immunity, and they

---

[11] A more detailed discussion of facts and issues relating to service of process in this case is contained in the Magistrate Judge's Report and Recommendation dated March 11, 2005.

again argue that plaintiff has not put forth evidence of personal involvement on their part with respect to any allegedly unlawful activity involving the property at issue.  Finally, defendants ambiguously argue that a six-year statute of limitations may bar this action.  Plaintiff contends that summary judgment is inappropriate because a witness has revealed an admission by a defendant that plaintiff's personal property had been taken and would not be returned to him, and that he is entitled to present his case in a trial at which a jury can weigh the credibility of witnesses for the respective sides.  Plaintiff further states that discovery[12] will determine whether any defendants had authority or were in position to return his property, but he identifies no outstanding discovery requests for which he his awaiting response.

On this motion the court is essentially asked to reconsider the same general issues that were presented in the defendants' prior motion to dismiss, except that the service of process question now relates only to defendant Boobar, and the qualified immunity and personal involvement issues are addressed in light of facts may have been gleaned by parties in the course of any discovery that may have occurred.  With respect to the statute of limitations claim it was noted in the previous Report and Recommendation that the Court had no firm factual basis upon which to determine whether the applicable six-year limitations period run.  Although the defendant again raises this defense, the claim is now presented with little more conviction than that with which it was offered the first time.  There is still

---

[12]   No disputes regarding discovery in this action have been brought to the Court's attention by motion to compel or otherwise, and the Court therefore has no direct knowledge of the nature of any discovery that may have been conducted by the parties, or indeed, whether any formal discovery under Fed. R. Civ. P. 26, written or deposition, has even been conducted by either side.  Nonetheless, a period of time during which discovery might be conducted was expressly allowed by Pretrial Scheduling Order dated June 8, 2005, which established November 1, 2005, as a deadline for discovery.  Filing the present motion did not terminate the discovery period.

no clear factual basis on which to determine when the period of limitations began to run, and there is still

not an adequate record on which to evaluate whether tolling would apply as a result of defendants'

representations to the plaintiff and to the district court regarding return of property.

**Standard of Review, Rule 12(b)(6) and Rule 56**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court should liberally

construe a pro se complaint and should not dismiss claims "unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief."

Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley v. Gibson, 78 S.Ct. 99,

101-02 (1957)).  A plaintiff cannot rely upon general and conclusory allegations to survive a Rule

12(b)(6) motion, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume

that factual allegations in the complaint are true and accord reasonable inferences in favor of the non-

moving party.  Holloway, 792 F.2d at 762.

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and

those matters are not excluded by the court, the motion should be treated as a Rule 56 motion for

summary judgment.  Summary judgment is appropriate where there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving

party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be

decided.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).   When a

motion for summary judgment has been made and supported by the pleadings and affidavits as

provided in Rule 56(c), the burden shifts to the party opposing the motion to proffer evidence

demonstrating that a trial is required because a disputed issue of material fact exists.  Matsushita Elec.

7

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).  In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to the material facts.  The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita, 106 S.Ct. at 1355, n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).  Fed. R. Civ. P. 56(e).  Pro se pleadings are held to a less stringent standard than attorney drafted pleadings, Haines v. Kerner, 404 U.S. 519, 520-21, 92S.Ct. 594, 596 (1972).  However, the plaintiff still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions.  Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

Defendants in this matter have moved for dismissal and summary judgment in the alternative and have submitted exhibits and declarations along with their memorandum in support of the motion.  Plaintiff likewise has submitted exhibits and affidavits along with his opposition memorandum. The court has reviewed and considered the supplementary exhibits, declarations, and affidavits submitted by the parties, and the motion is therefore treated as one for Rule 56 summary judgment with respect to the merits of qualified immunity and lack of personal involvement claims.

## Personal Involvement and Qualified Immunity

**Personal Involvement.**  Plaintiff in a civil rights action must allege either a party's direct involvement in alleged unconstitutional actions or the party's participation in the policy decision that created the unconstitutional basis for the allegations.  Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).  Absent direct personal involvement, the plaintiff must show that the particular defendant

failed to properly train, supervise, direct, or control the subordinate who was directly involved in causing the alleged injury.  <u>Crooks v. Nix</u>, 872 F.2d 800, 804 (8th Cir. 1989).

Plaintiff Kenneth Ramirez survived a previous motion to dismiss based upon defendants' lack of personal involvement because the court found that the amended complaint generally alleged that each of the defendants was involved in the seizure of property from plaintiff's auto and cycle repair and sales business, and defendants had therefore been provided at least some minimal notice with respect to their alleged personal involvement in constitutional violations.  Plaintiff subsequently filed a second amended complaint[13] in which he alleges that defendants violated his constitutional rights by seizing and liquidating property that had no nexus to crimes for which he was charged.  The second amended complaint specifically alleges that defendants Harmon, Mulniz, Sjogren, and six John/Jane Does were involved in seizures that were in violation of the Fourth Amendment, and that all defendants seized property in violation of the Fourth Amendment and transferred the property to Wisconsin in violation of plaintiff's right to due process under the Fifth Amendment.  The pleading also alleges that defendants Larson, Boobar, and some of the John/Jane Does failed to honor plaintiff's Fifth Amendment due process rights by failing to give notice of intent to forfeit certain seized items.

---

[13]   The plaintiff was ordered to file a second amended complaint to assert claims with greater particularity and with explicit reference to the  report and recommendation discussion in which <u>Edgington v. Missouri Department of Corrections</u>, 52 F.3d 777 (8th Cir. 1995) was cited as the basis for imposing a heightened standard of pleading. The heightened pleading standard for civil rights actions under <u>Edgington</u> was subsequently abrogated by the decision in <u>Doe v. Cassel</u>, 403 F.3d 896 (8th 2005).  Plaintiff has not been prejudiced in this regard because this action was not dismissed on the pleadings.  However, this case is now before the court on summary judgment and plaintiff must offer more that mere allegations and must present facts sufficient to overcome defendants' claim that their personal involvement in this matter has not been established.

Defendants now argue that plaintiff still has not provided evidence to establish their personal involvement in constitutional violations and the claims therefore must fail.  Defendants contend that there is no evidence that defendants acted outside their official law enforcement duties with respect to execution of a search warrant and seizure of property subject to the warrant; there are no facts establishing that they took items for which plaintiff seeks reimbursement; and there is no evidence showing that any seized property was outside the scope of the warrant authorization to seize property used in or derived from plaintiff's drug trafficking operation.  In opposition to plaintiff's fact allegations, defendant Larson asserts[14] that he was not an investigator in this matter and did not seize assets for forfeiture; defendant Boobar states[15] that he was involved in the criminal investigation and was aware of asset seizures, but he did not participate in the search of plaintiff's residence and had no personal knowledge regarding seizure of the specific items referenced by the plaintiff; defendant Sjogren likewise was involved in the investigation and was aware[16] of asset seizures but had no personal knowledge with respect to items at issue in this case; and defendant Mulnix acknowledges[17] his involvement in the investigation and awareness of property seizures, but indicates that he did not personally seize any assets and has no personal knowledge regarding seizure of the subject items.  Finally, defendant Harmon admits[18] that he was an investigator in the criminal case, but indicates that he did not personally

---

[14]   Declaration of David Larson. [Docket No. 69].

[15]   Declaration of Jeffrey Boobar. [Docket No. 70].

[16]   Declaration of David Sjogren. [Docket No. 71].

[17]   Declaration of Joseph Mulnix. [Docket No. 72].

[18]   Declaration of Stephen C. Harmon. [Docket No. 73].

seize any assets and has no personal knowledge of the seizures claimed by plaintiff to have been

unlawful.[19]

      In opposition to defendant's claim of no personal involvement plaintiff Ramirez submits

his own affidavit[20] in which he contends that both Harmon and Mulnix were present at his arrest, and

that defendants Harmon, Mulnix, and Boobar made threats to compel cooperation in property seizures.

In addition, the affidavit contains various statements relating to the role of his sister and his lawyer in

getting property returned; government promises to return items; property that was seized that did not

belong to the plaintiff; property that was seized and returned to him or some other rightful owner; and

property that was forfeited.  Plaintiff also submits the Affidavit of Paul Palacio[21] in which the affiant

discusses his involvement in an interview in which defendant Harmon had stated that he "wanted to go

back to Ramirez's house and finish taking the rest of his possesions (sic), and that he was personally

going to see to it, that the items that had been taken were never going to be seen by Mr. Ramirez

again."[22]

      In response to a motion for summary judgment the plaintiff must do more than merely

establish doubt as to the material facts and must set forth specific facts showing that there is a genuine

issue for trial, by affidavit or otherwise.  Fed. R. Civ. P. 56(e). Even though pro se pleadings are held

---

[19]   Each of the defendant's declarations refers to the items identified by the plaintiff in Section 9
of the complaint.  Those items were actually listed in Section 9 of the amended complaint [Docket No. 15]
and are listed in Section 11 of the second amended complaint [Docket No. 11].

[20]   Affidavit of Kenneth Ramirez. [Docket No. 76]

[21]   Id., attachment.

[22]   Id.

to a less stringent standard than attorney drafted pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21,

92S.Ct. 594, 596, the plaintiff still must present evidence to defeat a properly supported summary

judgment motion and may not rely upon conclusory allegations and unsupported assertions.  <u>Dunavant</u>

<u>v. Moore</u>, 907 F.2d 77, 80 (8th Cir. 1990).

        Upon examination of the affidavits submitted by the plaintiff, the court notes that

defendants Sjogren, Larson and John/Jane Doe are not even mentioned, and no facts whatsoever are

offered to establish their personal involvement in actions which could be construed as violations of

plaintiff's constitutional rights relating to the seizure or disposition of plaintiff's property.  Also, with

respect to defendants Mulnix and Boobar the plaintiff's affidavit presents only conclusory and

unsupported allegations, and no facts are offered to support claims for violation of plaintiff's

constitutional rights by those defendants.  Defendant's acknowledged involvement in the investigation

and search warrant execution does not establish a material fact issue with respect to their personal

involvement in a claim for violation of constitutional rights, particularly where there is no showing that

the warrant was unlawfully issued or executed, and there is no factual showing that these defendants

seized or failed to return property belonging to the plaintiff.  The statement that agents Harmon and

Mulnix "went crazy ordering . . . property seized without authority and while exceeding the search

warrant's authority"[23] is entirely conclusory and barren of facts, while a claim that defendants

threatened others with retaliation if they refused to cooperate with seizures is not evidence of unlawful

seizure, is not obviously relevant, and is not likely admissible through plaintiff's affidavit.  With respect

_____

[23]   Affidavit of Kenneth Ramirez, ¶ 20.

to Paul Palacio's affidavit in which he discusses the tone of defendant Harmon's comments to him, and references a statement by Harmon to the effect that he wanted to go back and take the rest of plaintiff's possessions, the affidavit is devoid of incriminating facts.  Plaintiff has put forth essentially no particulars whatsoever to establish the existence of genuine issues of material fact with regard to any defendant's personal involvement in constitutional violations arising out of the seizure and disposition of plaintiff's property and the defendants are therefore entitled to summary judgment in this action.

**Qualified Immunity.**  The doctrine of qualified immunity protects a defendant from liability for alleged misconduct which he reasonably believed to be lawful or which was not clearly established as unlawful at the time the conduct occurred.  The Supreme Court has long held that a state officer sued in his or her individual capacity "may assert personal immunity defenses, such as objectively reasonable reliance on existing law."   Hafer v. Melo 502 U.S. 21, 25; 112 S.Ct. 358, 362 (1991).  Thus,  government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," are shielded from liability for civil damages.  Hartley v. Fine, 780 F.2d 1383, 1387 (8th Cir. 1985)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

The magistrate judge declined to recommend dismissal on qualified immunity grounds on the previous motion to dismiss because the court concluded that defendant had not established that immunity is established on the face of the complaint and that dismissal under Rule 12(b)(6) was therefore appropriate.  However, the court also noted that the defense could properly be raised again on summary judgment motion which would allow defendants the opportunity to proffer pertinent evidence that supports the motion and also compel the plaintiff to provide a response that goes beyond

13

the conclusory allegations and unsupported assertions in the complaint.[24]  In light of the continuing

paucity or mere nonexistence of evidence establishing that individual defendants in this matter were

personally involved in constitutional violations as discussed above, plaintiff has also failed to established

a basis for denying defendants qualified immunity from the claims in this case.  With respect to the initial

seizures there is no concrete evidence showing that specific items were obviously neither

instrumentalities nor proceeds subject to the warrant such that the seizures clearly violated plaintiff's

Fourth Amendment rights.  With respect to a claim that items were unlawfully transferred to Wisconsin,

there is again an utter lack of evidence on which to justify denial of qualified immunity from Fifth

Amendment claims, especially where any such transfer of property can reasonably be linked to the

transfer of case to the Western District of Wisconsin for prosecution.  Finally, with respect to a Fifth

Amendment due process claim of failure to give proper notice of forfeiture, plaintiff offers no evidence

whatsoever to establish that these defendants, or any one of them, had individual and personal

responsibilities which they knowingly disregarded.[25]  Each of the defendants is this matter is entitled to

qualified immunity from asserted claims of constitutional violations and their motion for summary

judgment should be granted for that reason as well as for lack of personal involvement.

**Dismissal for Non-service**

---

[24]   Report and Recommendation, page 15, footnote No. 22 [Docket No. 42].

[25]   Defendants have asserted that the Sputh transmission was forfeited in connection with the seizure and forfeiture of a Harley Davidson motor.  Memorandum in Support of Federal Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, page 3.  Neither party offers direct evidence regarding the final disposition of the transmission.  Defendants have also asserted, and have presented evidence, that the 1962 Ford Fairlane was towed by Ramsey County and was sold by auction on October 4, 1995, after notice to the registered owner. Id., Exh. E.

Defendant Jeffrey Boobar again moves for dismissal of the action pursuant to Rule 12(b)(5) based upon the contention that he has never been properly served.  Rule 4(i)(2)(B) provides that:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), and (g).[26]

Plaintiff does not allege that Jeff Boobar has been personally served, but argues that this defendant should be held accountable because he has actual knowledge of the litigation.

Service of process must be accomplished in accordance with the rules of civil procedure of the forum, Froland v. Yamaha Motor Co., Ltd., 296 F.Supp. 1004, 1007 (D. Minn. 2003), and an individual defendant may be dismissed when a plaintiff fails to properly serve the summons and complaint.  Id.  (citing Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998).  In this instance the plaintiff has been given ample opportunity to make service, and although he has made some effort to accomplish service on defendant Boobar through the U.S. Marshals Service, there is no evidence in the record that he has even attempted service by means available under Fed. R. Civ. P. 4(f).  Furthermore, plaintiff cites no authority for judicial recognition of constructive service under circumstances whereby the defendant has not expressly or impliedly waived personal service, has consistently asserted deficiency of service, and has not personally appeared, either generally or

---

[26] Rule 4(e) addresses personal service on individuals within the United States; Rule 4(f) relates to personal service on individuals in foreign countries; and Rule 4(g) describes proper service upon infants and incompetent persons.  Defendant Jeffrey Boobar presently resides in the Netherlands.  Summons returned unexecuted, filed on May 26, 2005.  [Docket No. 48].

specially.  Claims against defendant Jeff Boobar should be dismissed without prejudice for failure by plaintiff to effect personal service, though the defendant is also entitled to dismissal with prejudice on qualified immunity grounds in this instance.

Based upon the foregoing discussion, the Magistrate Judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that the Motion to Dismiss, or in the alternative, for Summary Judgment by defendants Steve Harmon, Joseph Mulnix, David Sjogren, David Larson, Jeff Boobar, and six John/Jane Does be **granted**  [Docket No. 65], and that the second amended complaint in this matter be **dismissed** with prejudice [Docket No. 61].

Dated: _____March 17, 2006_____


  s/ Arthur J. Boylan_____
                                            Arthur J. Boylan
                                            United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 31, 2006.