UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN C. HARMON, JOSEPH MULNIX, DAVID SJOGREN, DAVID LARSON, JEFF BOOBAR, and SIX JOHN/JANE DOES,<br><br>Defendants. | Civil No. 03-5284 (JRT/AJB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Kenneth Ramirez, #02434-041, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, plaintiff pro se.

Patricia R. Cangemi, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Plaintiff Kenneth Ramirez ("Ramirez"), a federal prisoner incarcerated at the Federal Prison Camp in Duluth, Minnesota, brings this lawsuit, alleging that defendant federal agents violated his federal constitutional rights by depriving him of personal property. In a Report and Recommendation dated March 17, 2006, United States Magistrate Judge Arthur J. Boylan recommended dismissing this action. Currently before the Court is Ramirez's objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of Ramirez's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth

below, the Court overrules Ramirez's objection and adopts the report and recommendation of the Magistrate Judge.

**BACKGROUND**

Ramirez was indicted in July 1995 in the District of Minnesota on a charge of conspiracy to possess with intent to distribute methamphetamine and cocaine (the "Minnesota criminal action"). In the investigation preceding the indictment a search warrant was executed and items belonging to Ramirez were seized.[1] Some of the property was subsequently forfeited. In August 1998, Ramirez filed a motion for the return of seized property pursuant to Fed. R. Crim. P. 41(e). The prosecution did not oppose the motion, and the Court granted the request by Order dated December 9, 1998. However, certain property was not returned as directed, and Ramirez filed a motion to hold agents in contempt of court in November 2002.

On May 7, 2003, the District Court granted the motion for contempt with respect to particular items and ordered that the property either be returned, or that Ramirez be paid the value of the property. However, the District Court subsequently determined that its contempt Order conflicted with the decision in *United States v. Hall*, 269 F.3d 940 (8th Cir. 2001) (holding that sovereign immunity precludes an award of money damages under Fed. R. Crim. P. 41 when seized property cannot be returned), and therefore vacated the contempt Order on June 6, 2003. The District Court expressly stated that

---

[1] The District of Minnesota case was dismissed by Order dated August 2, 1995, and Ramirez's bond was transferred to the Western District of Wisconsin by Order dated August 8, 1995.

Ramirez was entitled to return of (1) a safe deposit key; (2) a nail gun; (3) saws, including a circular saw; (4) a hand drill and power tools; (5) a 1962 green two-door Ford Fairlane; (6) an antique battery charger; and (7) miscellaneous keys, but that the government no longer had possession of the items. The Court also recommended that Ramirez file a civil action to recover the monetary value of the lost property, consistent with the observation in the *Hall* decision in which it was noted that a Rule 41 claimant might have recourse for money damages under other federal statutes, including the Tucker Act, 28 U.S.C. § 1491, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-81.[2]

Ramirez filed the instant complaint on September 23, 2003, alleging violation of his right to due process with respect to seizures and failure to return property by defendants Steven Harmon ("Harmon"), Joseph Mulnix ("Mulnix"), David Sjogren ("Sjogren"), David Larson ("Larson"), and six John/Jane Does. An amended complaint was filed on February 18, 2004, adding Jeffrey Boobar ("Boobar") as a defendant, and further alleging violation of Ramirez's Fourth Amendment rights with regard to unreasonable seizures.[3] Ramirez seeks compensatory damages for defendants' failure to return certain items of property, including the 1962 Ford Fairlane, along with damages

---

[2] Further detail regarding the background of this case may be found in the Report and Recommendations. *See* Docket Nos. 42, 79.

[3] The initial complaint identified Harmon, Mulnix, Sjogren, and Larson as United States Drug Enforcement Administration ("DEA") agents in Minneapolis, Minnesota, with respect to their involvement in this matter. The amended complaint also identified the added defendant, Boobar, as a DEA agent, but indicates that other defendants are currently employed in other capacities: Mulnix and Sjogren are now Dakota County Sheriff's deputies, and Harmon is employed by the Air Marshals Service. Larson remains with the DEA in Milwaukee, Wisconsin.

for deprivation of use of those items. The amended complaint expressly states that each defendant is sued in his personal – not official – capacity.[4]

In the Report and Recommendation, the Magistrate Judge recommended granting defendants' motion for summary judgment, on the grounds that Ramirez had failed to set forth evidence showing that defendants were personally involved in the alleged constitutional violations.[5] Ramirez objects, arguing that he has set forth evidence showing genuine issues of material fact regarding defendants' personal involvement. For the following reasons, the Court disagrees, and adopts the Report and Recommendation.

## ANALYSIS

**I.       Standard of Review**

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

---

[4] In an Order dated April 12, 2005, the Court adopted the previous Report and Recommendation of the Magistrate Judge, and dismissed Ramirez's claims on sovereign immunity grounds to the extent the complaint sought damages from defendants for actions taken in their official capacities.

[5] Defendants have moved for dismissal and summary judgment in the alternative, and have submitted exhibits and declarations along with their memorandum in support of the motion. Plaintiff likewise has submitted exhibits and affidavits along with his opposition memorandum. When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Rule 56 motion for summary judgment. The Court has reviewed and considered the supplementary exhibits, declarations, and affidavits submitted by the parties, and the motion is therefore treated as one for Rule 56 summary judgment.

(1986). A court considering a motion for summary judgment must view all of the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *Pro se* pleadings are held to a less stringent standard than attorney-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the *pro se* plaintiff still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. *Dunavant v. Moore*, 907 F.2d 77, 80 (8th Cir. 1990).

## II.     Personal Involvement

A plaintiff in a civil rights action must allege either a party's direct involvement in alleged unconstitutional actions or the party's participation in the policy decision that created the unconstitutional basis for the allegations. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Absent direct personal involvement, the plaintiff must show that the particular defendant failed to properly train, supervise, direct, or control the subordinate who was directly involved in causing the alleged injury. *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989).

Ramirez alleges that Harmon, Mulniz, Sjogren, and six John/Jane Does were involved in seizures that were in violation of the Fourth Amendment, and that all defendants seized property in violation of the Fourth Amendment and transferred the property to Wisconsin in violation of Ramirez's right to due process under the Fifth Amendment. The complaint also alleges that Larson, Boobar, and some of the John/Jane

Does failed to honor Ramirez's Fifth Amendment due process rights by failing to give notice of intent to forfeit certain seized items.

Defendants argue that Ramirez has not provided evidence showing that they were personally involved in the alleged constitutional violations.  For example, Larson asserts that he was not an investigator in this matter and did not seize assets for forfeiture.  Boobar states that he was involved in the criminal investigation and was aware of asset seizures, but he did not participate in the search of Ramirez's residence and had no personal knowledge regarding seizure of the specific items referenced by Ramirez.  Sjogren avers that he was involved in the investigation and was aware of asset seizures, but had no personal knowledge with respect to items at issue in this case.  Mulnix also acknowledges that he was involved in the investigation and was aware of property seizures, but indicates that he did not personally seize any assets and has no personal knowledge regarding seizure of the subject items.  Finally, Harmon admits that he was an investigator in the criminal case, but indicates that he did not personally seize any assets and has no personal knowledge of the allegedly unlawful seizures.

Ramirez does not offer, either in his pleadings in opposition to defendants' motion for summary judgment, or in his objections to the Report and Recommendation, any specific factual allegations rebutting or contradicting defendants' statements regarding their lack of personal involvement.  Rather, Ramirez alleges that Harmon and Mulnix were present at his arrest, and that Harmon, Mulnix, and Boobar made threats to compel cooperation in property seizures.

As the Magistrate Judge noted in the Report and Recommendation, these allegations do not set forth facts tending to show that defendants were personally involved in depriving Ramirez of his constitutional rights, especially where, as here, there is no showing that the warrant was unlawfully issued or executed, and there is no factual showing that these particular defendants seized or failed to return property belonging to Ramirez. Similarly, to the extent defendants have acknowledged their involvement in the investigation and search warrant execution, such involvement does not establish a material fact issue with respect to their personal involvement in a claim for violation of Ramirez's constitutional rights. Therefore, the Court finds that there are no genuine issues of material fact, and that Ramirez has failed to set forth evidence showing that defendants were personally involved in the alleged constitutional violations. Accordingly, the Court grants defendants' motion for summary judgment.[6]

## III. Tucker Act and Federal Tort Claims Act

The Court notes that, in the Minnesota criminal action, Ramirez was advised to file a civil action to recover the monetary value of the lost property under federal statutes, including the Tucker Act and the FTCA. Despite being advised of potential remedies under the Tucker Act and the FTCA, Ramirez's complaints in this action do not contain a claim under the Tucker Act or the FTCA. The Court is, however, mindful of Ramirez's *pro se* prisoner status, as well as the unusual circumstances that led to vacation of the

---

[6] Ramirez has also filed a motion to strike the prosecution's response to his objections, arguing that the response is "ambiguous" and "gratuitous." *See* Docket No. 84. The Court denies the motion.

contempt order in the criminal case. Therefore, the Court notes that such circumstances would likely give rise to principles of equitable tolling, as well as negate any assertion of claim preclusion, should Ramirez subsequently file a complaint raising claims under the Tucker Act, the FTCA, or other federal statutes.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** Ramirez's objection [Docket No. 82] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 79]. Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [Docket No. 65] is **GRANTED**, and Ramirez's claims against defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Ramirez's motion to strike [Docket No. 84] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 1, 2006            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                  United States District Judge